**49D01-2204-CT-014363**

Marion Superior Court 1

Filed: 4/29/2022 2:51 PM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) ss | |
| COUNTY OF MARION | ) | Cause No. _____ |

CINDY K. NEELY, )
)
)
    Plaintiff, )
)
              V. )
)
CITY OF INDIANAPOLIS Acting by and )
through its Metropolitan Police Department, )
EVAN MATHEIS, and KLINTON )
STREETER, )
)
    Defendants. )

## **COMPLAINT**

    Plaintiff Cindy K. Neely, by counsel, respectfully makes her Complaint for Damages and avers as follows:

1. Cindy K. Neely ("Neely") is an individual who resides in Marion County, Indiana.

2. The City of Indianapolis is a government unit located in Marion County, Indiana. It operates the Indianapolis Metropolitan Police Department ("IMPD").

3. Evan Mattheis is an individual who resides in Marion County, Indiana.

4. Klinton Streeter is an individual who resides in Marion County, Indiana.

### **Facts**

5. Cindy K. Neely ("Neely") allowed her adult son, Wesley B. Cartwright ("Cartwright") to live at her house at 3705 Valley Lake Drive in Indianapolis, while he recovered from drug addiction but when he continued to use illegal drugs Neely told him to move out.

6. Cartwright refused to leave the house and continued to engage in self-destructive and intimidating behavior, forcing Neely to go to court to obtain a protective order and an eviction order.

7. After she obtained these court orders Neely called the police several times asking them to remove Cartwright.

8. In one of these her phone calls to the police Neely said that Cartwright was asleep and could be removed without violence.

9. But each time Neely called 911 she was told that because Cartwright was not violent or doing anything illegal at that moment that the police would not come.

10. Deputies of the Marion County Sheriff's Office attempted to serve the eviction notice on January 5, 2022.

11. Cartwright refused to speak to the deputies and barricaded himself inside the house.

12. Neely fled the house.

13. The deputies requested assistance and officers from IMPD arrived, including a SWAT team.

14. A 14 hour standoff ensued.

15. To dislodge Cartwright, officers from IMPD's SWAT team, led by Evan Matheis and Klinton Streeter, fired tear gas canisters and flashbang grenades into the house.

16. The Indianapolis Fire Department arrived and attempted to dislodge Cartwright by spraying the house with a water cannon.

17. Eventually the officers were able to enter the house and apprehend Cartwright.

18. Neely's house was completely destroyed.

19. The grenades blew out entire walls and ripped pipes that caused flooding. Almost every item of her personal property was damaged. The tear gas and other damage rendered the house uninhabitable.

20. The destruction of Neely's house could have been avoided if the officers had complied with Neely's multiple requests to remove Cartwright while he was asleep.

21. Matheis and Streeter acted under color of Indiana law.

22. The City of Indianapolis maintains a custom, policy, or practice of using unreasonable force when serving eviction notices even when provided with less destructive alternatives.

## Legal Claims

23. The City's policy or practice of using excessive force to serve eviction notices when less destructive alternatives are available violated Neely's rights against unreasonable seizure under the Fourth Amendment.

24. Matheis' acts and omissions constitute excessive force in violation of the Fourth Amendment.

25. Streeter's acts and omissions constitute excessive force in violation of the Fourth Amendment.

## Relief

26. Plaintiff seeks all relief allowable by law, including compensatory and punitive damages, costs, and attorneys fees.

**WHEREFORE,** Plaintiff prays for judgment against Defendants and for all other appropriate relief.

Respectfully submitted,

/s/ Jeffrey S. McQuary, 16791-49
BROWN TOMPKINS LORY
608 E. Market Street
Indianapolis, IN 46202
317/631-6866